**COX LAW FIRM LLC**
William H. Cox (WC 3295)
Peter J. Vranum (PV 8947)
43 West 43rd Street, Suite 137
New York, NY 10036-7424
Tel. No.: (212) 804-5756
WCox@lawcox.com

**LAW OFFICES OF H.W. BURNS**
Howard W. Burns, Jr. (HWB 6529)
The Woolworth Building
233 Broadway, Suite 2065
New York, New York 10279
Tel. No.: (212) 227-4450
Howard@HWBurnsLaw.com

**Attorneys for Plaintiff COOGI Partners, LLC**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

COOGI PARTNERS, LLC,

     Plaintiff,

     -against-

NBA PROPERTIES, INC,.
BROOKLYN NETS, LLC,
NIKE, INC.,
NEW ERA CAP CO., INC.,
FRONTIER ALUMINUM CORPORATION,
RUSSELL BRANDS, LLC,
WINCRAFT INCORPORATED,
ISLIDE, INC.
and JOHN DOES 1 - 10,

     Defendants.
-------------------------------------------------------x

Case No.

<u>VERIFIED COMPLAINT</u>

**Plaintiff Demands Trial
By Jury**

     Plaintiff COOGI Partners, LLC ("COOGI"), by its undersigned attorneys, as and

for its Verified Complaint against Defendants, alleges the following upon knowledge as

to itself and its own acts, and upon information and belief as to all other matters. COOGI believes that its information and belief allegations are likely to have additional evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

1.      This is an action for copyright infringement, trade dress infringement, trademark infringement, false designation of origin, trademark dilution, unfair competition and injury to business reputation in violation of the laws of the United States and the State of New York.  COOGI seeks an injunction, damages and related relief.

2.      COOGI is the manufacturer and seller of a line of clothing, which includes sweaters and other apparel having a distinctive multicolored pattern which is protected by registered copyrights and which also constitutes trade dress.

3.      This action is directed against the unauthorized and wrongful manufacture, licensing, distribution, use and sale by Defendants of various items of clothing and other products that bear a pattern they describe as "Brooklyn Camo" which infringes Plaintiff's copyrighted designs and trade dress, and against the use by Defendants of such Brooklyn Camo design for promotion of certain of Defendants' services and tickets to events.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121, 17 U.S.C. §501 and 28 U.S.C. §1331, 1338 and 1367.  COOGI's claims are predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. §101, et seq., the Lanham

Trademark Act of 1946, as amended, 15 U.S.C. §1051, et seq. (the "Lanham Act"), and the statutory and common law of the State of New York.

5.      The venue of this Court is founded upon 28 U.S.C. §1391(b).   Upon information and belief, the Defendants either reside in the Southern District of New York or are subject to the court's personal jurisdiction, and a substantial part of the events giving rise to the claim occurred in the Southern District of New York.

<u>THE PARTIES</u>

6.      COOGI is a New York limited liability company with its registered office at 112 Windsor Gate, Lake Success, New York 11020.   COOGI is the owner of the copyrights and trade dress at issue in this action.

7.      Upon information and belief, NBA Properties, Inc. ("NBAP") is a corporation duly organized and existing under the laws of the State of New York with its registered office at 645 Fifth Avenue, New York, New York 10022-5910.

8.      Upon information and belief, Brooklyn Nets, LLC ("Nets") is a limited liability company duly organized and existing under the laws of the State of New Jersey, which is qualified to transact business and does transact business within the State of New York with its registered office at c/o Corporation Service Company, 80 State Street, Albany, NY 12207-2543.

9.      Upon information and belief, NIKE, Inc. ("Nike") is a corporation duly organized and existing under the laws of the State of Oregon, which is qualified to transact business and does transact business within the State of New York with its registered office at c/o United Agent Group, 15 North Mill Street, Nyack, NY 10960.

3

10.     Upon information and belief, New Era Cap Co., Inc. ("New Era") is a corporation duly organized and existing under the laws of the State of New York, with its registered office at 160 Delaware Avenue, Buffalo, NY 14202.

11.     Upon information and belief, Frontier Aluminum Corporation ("Aluminati") is a corporation duly organized and existing under the laws of the State of California, which is doing business under the name "Aluminati" with its primary office at 2480 Railroad St., Corona, CA 92880.

12.     Upon information and belief, Russell Brands, LLC ("Russell Brands") is a limited liability company duly organized and existing under the laws of the State of Delaware, which is doing business under the name "Spalding" with its primary office at One Fruit of the Loom Drive, Bowling Green, KY 40601.

13.     Upon information and belief, WinCraft, Incorporated ("Wincraft") is a corporation duly organized and existing under the laws of the State of Minnesota with its primary office at 960 E. Mark Street, Winona, MN 55987.

14.     Upon information and belief, ISLIDE, Inc. ("Islide") is a corporation duly organized and existing under the laws of the State of Massachusetts with its primary office at 65 Sprague Street East Building, Boston, MA 02136.

15.     Upon information and belief, John Does 1 - 10 ("John Doe Defendants") are persons or entities that are manufacturing, distributing or selling merchandise and goods bearing the infringing "Brooklyn Camo" design, persons or entities responsible for creating or designing the infringing "Brooklyn Camo" design, or persons or entities that participated in, ratified, endorsed, and/or were otherwise involved in the acts

4

complained of, and they have liability for such acts.   Plaintiff will amend this Verified Complaint if and when the identities of such persons or entities and/or the scope of their involvement become known.   NBAP, Nets, Nike, New Era, Aluminati, Russell Brands, Wincraft, Islide and the John Doe Defendants are hereinafter referred to collectively as "Defendants."

16.   Upon information and belief, each of the Defendants (a) is doing business in the State of New York;  (b) has transacted business within the State of New York and this judicial district;  (c) has committed tortious acts within the State of New York by manufacturing, offering for sale and/or selling infringing goods and/or services within the State of New York and this judicial district, including the goods and/or services complained of herein; and/or (d) has committed tortious acts outside the State of New York causing injury to property within the state and (i) regularly does or solicits business and/or derives substantial revenue from goods used or consumed within the state or (ii) expected or should have reasonably expected its acts to have consequences within the state and derives substantial income from interstate commerce.

## THE COOGI COPYRIGHTS - BACKGROUND

17.   COOGI is engaged in the manufacture, distribution and sale in interstate commerce of high quality merchandise, including men's, women's and children's sweaters and apparel that are sold throughout the United States in high quality retail stores and in the online retail store at www.coogi.com.

18.   COOGI sweaters and apparel are based on highly distinctive designs, which are protected by various copyrights.

5

19.     This action relates to the COOGI sweater design titled "PEA SOUP."

20.   The PEA SOUP design is registered with the U.S. Copyright Office under Registration Number VAu183145 dated June 16, 1990 (the "Pea Soup Copyright"). Copies of the copyright information and the design of the Pea Soup design are attached hereto as Exhibit A.

21.   The Pea Soup Copyright registration is valid, subsisting and in full force and effect.

22.     COOGI also possesses a separate copyright in its RICOTTA design, which is registered with the U.S. Copyright Office under Registration Number VAu183164 dated June 18, 1990 (the "Ricotta Copyright" and, together with the Pea Soup Copyright, hereinafter collectively referred to as the "COOGI Copyrights"). Copies of the copyright information and the design of the Ricotta design are attached hereto as Exhibit B.

23.   The Ricotta Copyright registration is valid, subsisting and in full force and effect.

<u>THE COOGI TRADE DRESS - BACKGROUND</u>

24.     While other colorful and ornamental sweaters have and continue to exist, the highly distinctive and ornamental designs of COOGI sweaters and apparel have become exceedingly famous and have achieved secondary meaning as a result of extensive sales and promotion and as a result of being worn by celebrities, being publicized in various third party publications, being used by artists in artwork they have created and being referred to in various musical recordings.

6

25.     The trade dress of COOGI sweaters consists of (i) a central section that covers the torso and contains highly colorful individual vertical cables and ornamented sections consisting of multiple colors and intricate designs; (ii) sleeves showing horizontally the same colors and intricate designs; and (iii) a raised knit that appears three dimensional (the "COOGI Trade Dress").

26.     The COOGI Trade Dress has been variously described as "confetti colored," "colorful asymmetrically designed," "distinctive curvey patterns," and "eye blinding designs."

27.     Examples of the COOGI Trade Dress are attached hereto as Exhibit C. Additional examples of the COOGI Trade Dress are in Exhibits D and E.

28.     The Pea Soup design and the Ricotta design are typical examples of the COOGI Trade Dress.

29.     One of the most famous celebrities to wear COOGI sweaters and to refer to them in his music was the leading rap singer Christopher George Latore Wallace, better known by his stage names "The Notorious B.I.G.," "Biggie" or "Biggie Smalls" (hereinafter referred to as "Biggie").  Biggie was photographed numerous times wearing COOGI sweaters.  Copies of five such photographs are attached hereto as Exhibit D. The most famous of these photographs is probably the first shown in Exhibit D, which features Biggie wearing a COOGI sweater and sunglasses and counting a wad of cash.

30.     Photographs of other celebrities wearing COOGI sweaters or other COOGI apparel, including, but not limited to, (a) well known fighters, Conor McGregor and Floyd Mayweather, (b) rappers Jadakiss, Snoop Dogg, Rick Ross (c) actor Joseph

Sikora and (d) former basketball player Lamar Odom, are attached hereto as Exhibit E. The photos in Exhibits D and E evidence the broad recognition of the COOGI Trade Dress.

31.     In addition to wearing COOGI sweaters, Biggie mentioned them in his songs.  For example, the lyrics of his song "One More Chance/Stay With Me (Remix)" include "Heart throb never, black and ugly as ever, however, I stay Coogi down to the socks, rings and watch filled with rocks."  His 1994 song "Big Poppa" contained the following:  "I had to find the buried treasure, so grams I had to measure. However, living better now, Coogi sweater now." In his 1996 song "Hypnotize," Biggie mentions COOGI in the following line: "Every cutie wit a booty bought a Coogi."

32.     The connection between Biggie and COOGI has been written about in any number of publications, the most famous of which is probably VIBE magazine's March 10, 2013 story entitled "A History of the Notorious BIG & COOGI," one subsection of which is titled "Biggie Brings Coogi To Brooklyn."  (See Exhibit F attached.)

33.     Kanye West also mentions COOGI in two of his songs: (a) the 2005 song "Gone" which includes the line "You sweat her and I ain't talkin 'bout a Coogi," and (b) the 2017 song "Feel Me" which includes the line "Coogi, Coogi, Coogi, Coogi on, Feels like I'm in the movie holmes, Texted my consigliere, Tell the maid leave the jacuzzi on."

34.     ASAP Ferg also mentions COOGI in one of his songs entitled "Work (Remix)" in which he raps: "Coogi down to the socks, like I'm Biggie Poppa", in which he is clearly referring to Biggie as being known for wearing COOGI sweaters.

35.    In 2014, the Christian hip-hop duo Social Club released the song "Coogi Sweater" in their album Misfits 2 and in 2010 rapper OJ Da Juiceman released the song "COOGI," which refers to the COOGI brand throughout the entire song.

36.    The COOGI Trade Dress is so distinctive and well known as emanating from COOGI that it has even been used by two separate visual artists, Amir H. Fallah and Jayson Musson, in various works of art created by them.  (See Exhibit G attached.)

37.    Since 1987, COOGI sweaters have been widely advertised, offered for sale and sold throughout the United States under the COOGI Trademark.  During the years 2006 through 2011 sales of COOGI sweaters were approximately five (5) to six (6) million dollars per year.  Total sales of all COOGI merchandise (including sweaters) during the period 2006 through 2011 were in the range of 40 to 80 million dollars per year.  There were also additional sales by licensees of the COOGI brand for clothing for ladies, boys, shoes and bags.  Since 2012, sales of COOGI sweaters have been at least one million dollars ($1,000,000) per year.  During the years 2006 through 2011, COOGI expended approximately one million dollars ($1,000,000) per year on promotion and marketing, including print advertising, public relations, giveaways, runway shows and other promotions.  Since 2012, COOGI advertising is primarily on its own web site, Coogi.com, the web site at puma.com for the COOGI/PUMA collaboration and web sites of independent retailers such as Dr. Jays and Jimmy Jazz.

38.    In addition, the secondary meaning of the COOGI Trade Dress has been enhanced by publicity and unsolicited media coverage in numerous third party publications, a sampling of which is attached hereto as Exhibit H, as well as in Exhibits

F and M.

39.     There have been numerous attempts to plagiarize the COOGI Trade Dress, some of which even describe the plagiarized goods as "COOGI" and some of which make the connection to COOGI much in the same manner that Defendant's have done, i.e., by connecting the design to Biggie by using another of his nicknames "Notorious." A sampling of such attempted plagiarism is attached hereto as Exhibit I.

40.     As a result of COOGI's exclusive and extensive use of its designs and the COOGI Trade Dress, those designs and the COOGI Trade Dress have acquired enormous value and recognition in the United States and throughout the world.

41.     The COOGI Trade Dress is distinctive and is well known to the consuming public and trade as identifying and distinguishing COOGI exclusively and uniquely as the source of origin of the high quality products.

42.     The COOGI Trade Dress is both distinctive and famous, has achieved secondary meaning and is recognized as emanating from COOGI alone.

<u>THE COOGI TRADEMARK – BACKGROUND</u>

43.     As a result of COOGI's exclusive and extensive use of the trademark "COOGI" (the "COOGI Trademark"), the COOGI Trademark has acquired enormous value and recognition in the United States and throughout the world. The COOGI Trademark is well known to the consuming public and trade as identifying and distinguishing COOGI exclusively and uniquely as the source of origin of the high quality products to which the COOGI Trademark is applied. The COOGI Trademark is both distinctive and famous.

44.     On August 9, 1988, the COOGI Trademark was entered on the Principal Register of the United States Patent and Trademark Office as Registered Trademark No. 1,499,662, for sweaters in International Class 25.   On November 2, 2004, the COOGI Trademark was entered on the Principal Register of the United States Patent and Trademark Office as Registered Trademark No. 2,900,635 for various other clothing, headwear and footwear goods in International Class 25.   True copies of the certificates of registration of those marks are attached as Exhibit J.   The registrations are valid, subsisting and in full force and effect.

<u>DEFENDANTS' WRONGFUL ACTS</u>

45.     Upon information and belief, during 2018 NBAP began licensing and marketing, distributing and selling through its licensees, certain new products designated as "City Edition" products that were intended to reflect certain historical and cultural elements related to a basketball team's hometown.   For example, the uniforms of the Minnesota Timberwolves included purple fringes or trim and numbers to reflect local musical legend Prince.   In this case, the uniforms of the Brooklyn Nets were intended to reflect local rap legend Biggie and included "Brooklyn Camo" trim around the neck and on the side seams of Nets uniform jerseys, on the side seams and at the bottom of uniform shorts and on arm coverings worn by players.

46.     Upon information and belief, NBAP, Nets, Nike and New Era, acting in concert or individually and without the consent of COOGI, have either themselves or have caused certain John Doe Defendants to design a pattern, which they labeled as "Brooklyn Camo."   Examples of the Brooklyn Camo pattern are attached hereto as

11

Exhibit K.

47.     Upon information and belief, NBAP, Nets, Nike and New Era, acting in concert or individually and without the consent of COOGI, caused the creation of the Brooklyn Camo pattern in connection with the continuous Nets publicity events honoring Biggie, with such uniforms being introduced on or about November 17, 2018.

48.     Upon information and belief, NBAP, Nets, Nike, New Era and/or other Defendants have purchased adwords or key words including "Coogi Brooklyn Nets," "Coogi NBA jersey" and  "Brooklyn Coogi" and possibly others from Google or other Internet companies, which causes Google searches for any such terms to result in sponsored advertisements for Nike, NBA Store, Champs Sports and web sites  offering Offending Products (as hereinafter defined) for sale.  Copies of representative Google search result are attached hereto as Exhibit L.

49.     Upon information and belief, NBAP, Nets, Nike and New Era, knowing that COOGI was well known for its connection with Biggie as a result of his wearing and rapping about COOGI, caused the creation of the Brooklyn Camo pattern to be used as part of their Biggie events and promotions so as to confuse consumers as to the connection between their Brooklyn Camo goods and services and COOGI, including the COOGI Copyrights and the COOGI Trade Dress.

50.     Upon information and belief, NBAP, Nets, Nike and New Era were well aware that Biggie neither wore nor rapped about anything called "Brooklyn Camo" but they created, marketed and sold and distributed "Brooklyn Camo" products so as to confuse consumers as to the connection between their Brooklyn Camo goods and

services and COOGI, including the COOGI Copyrights and the COOGI Trade Dress.

51.     In at least one instance a confused consumer posted photos on Instagram of the inside and outside of his New Era "Brooklyn Camo" cap with the caption "But where the COOGI at?"  A copy of such Instagram post is attached hereto as Exhibit M.

52.     Upon information and belief, NBAP and Nets licensed all of the other Defendants to use the Brooklyn Camo design on various products to be manufactured, sold and distributed by and on behalf of such Defendants.

53.     Upon information and belief, Nike, having negotiated but not finalized or consummated a proposed collaboration with COOGI in 2016 was well aware of COOGI's copyrights and designs and the COOGI Trade Dress, and the connection between COOGI and Biggie.

54.     Upon information and belief, Nets used the Brooklyn Camo pattern on uniforms (including jerseys, shorts, arm coverings and socks) for their players, as part of the basketball court at the Barclay's Center in Brooklyn, New York and for purposes of promoting ticket plans for their basketball games.  Photos of such uniforms, basketball court and ticket promotions are attached hereto as Exhibit N.

55.     Numerous publications in local media about the Nets publicized and exposed that "Brooklyn Camo" was really a COOGI design, with at least one such publication even labeling the Nets event on November 17, 2018 as "COOGI Night." A sampling of such publications is attached hereto as Exhibit O.

56.     Upon information and belief, Nike used the Brooklyn Camo pattern on jerseys, shorts, hoodies and other items of apparel, which were and are being sold by

Nike, Nets and other retailers and wholesalers.   An excerpt from NIKE NEWS describing the relationship with Biggie, as well as photos of such apparel is attached hereto as Exhibit P.

57.   Upon information and belief, New Era used the Brooklyn Camo pattern on caps, which were and are being sold by New Era, Nets and other retailers and wholesalers.  Photos of a sampling of such caps are attached hereto as Exhibit Q.

58.   Upon information and belief, Aluminati used the Brooklyn Camo pattern on skateboards, which were and are being sold by Aluminati, Nets and other retailers and wholesalers.  A photo of such skateboards is attached hereto as Exhibit R.

59.   Upon information and belief, Russell Brands used the Brooklyn Camo pattern on Spalding brand basketballs, which were and are being sold by Nets and other retailers and wholesalers.   Photos of such basketballs are attached hereto as Exhibit S.

60.   Upon information and belief, Wincraft used the Brooklyn Camo pattern on can coolers, pennants, bottle opener keychains, lanyards, keyrings, logo pins and decals, which were and are being sold by Nets and other retailers and wholesalers. Photos of a sampling of such merchandise are attached hereto as Exhibit T.

61.   Upon information and belief, Islide used the Brooklyn Camo pattern on slides, which were and are being sold by Nets and other retailers and wholesalers. Photos of such slides are attached hereto as Exhibit U.  Such slides, together with all products and services listed in paragraphs 51 through 56 above are hereinafter referred to as the "Offending Products").

62.     Upon information and belief, such Offending Products are directed and targeted towards the same group of ultimate consumers as are COOGI's goods.

63.     By letters dated November 20, 2018 and December 9, 2018, counsel for COOGI notified NBAP of the infringements of the COOGI Copyrights and the COOGI Trade Dress, as herein alleged. A copy of such letters and the responses of the Defendant NBAP are attached hereto as Exhibit V.

64.     The aforementioned acts of Defendants are likely to cause confusion and mistake among consumers that (a) Defendants' Offending Products originate with COOGI, (b) there is some affiliation, connection or association of Defendants with COOGI, and/or (c) said Offending Products are being offered to consumers with the sponsorship and/or approval of COOGI.

65.     Upon information and belief, the aforementioned acts of Defendants are willful and intentional, in that Defendants either knew that said Offending Products bore unauthorized reproductions, copies or colorable imitations of the COOGI Trade Dress, the COOGI Copyrights or other COOGI designs, or willfully ignored such facts, and have been done in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said articles of apparel products and to gain for Defendants the benefit of the enormous goodwill associated with the COOGI Trade Dress.

66.     At no time has COOGI authorized the Defendants to use the COOGI Copyrights or the COOGI Trade Dress or any part thereof.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT)

67.     COOGI repeats and realleges paragraphs 1 through 66 above with the same force and effect as though fully set forth herein, and further alleges:

68.     COOGI is informed and believes and thereon alleges that Defendants, and each of them, had access to the COOGI Copyrights or other COOGI copyrighted designs, including, without limitation, through COOGI's web site and online store and/or through other authorized channels of trade.

69.     COOGI is informed and believes and thereon alleges that, without COOGI's authorization, Defendants, and each of them, manufactured, caused to be manufactured, advertised, distributed, marketed and/or sold products bearing images that are identical to, or substantially similar to, the COOGI Copyrights.

70.     COOGI is informed and believes and thereon alleges that Defendants, and each of them, infringed COOGI's copyrights by copying the COOGI Copyrights or other COOGI copyrighted designs, and distributing the Offending Products, without COOGI's authorization or consent.

71.     Due to Defendants', and each of their, acts of copyright infringement, COOGI has suffered actual, general and special damages in an amount to be established at trial.

72.     COOGI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of COOGI's rights in the COOGI Copyright and/or other COOGI copyrighted designs in an amount to be established at trial.

73. Plaintiff may also elect, at any time before final judgment is rendered, to receive statutory damages in connection with Defendants' willful infringement, pursuant to 17 U.S.C. § 504.

74.     COOGI is informed and believes and thereon alleges that the conduct of each of the Defendants as alleged herein was willful, reckless and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees and/or preclusion from deducting certain costs when calculating disgorgeable profits.

75.     Defendants will continue to willfully infringe COOGI's rights in the COOGI Copyrights and/or other COOGI copyrighted designs unless restrained by the Court. COOGI is entitled to injunctive relief prohibiting further infringement, pursuant to 17 U.S.C. § 502.

SECOND CLAIM FOR RELIEF
(TRADE DRESS INFRINGEMENT)

76.     COOGI repeats and realleges paragraphs 1 through 75 above with the same force and effect as though fully set forth herein, and further alleges:

77.     The COOGI Trade Dress is distinctive and has achieved secondary meaning such that it is recognized as emanating from a single source by virtue of:

(a)     advertising and marketing as outlined in paragraph 37 above;

(b)     unsolicited media coverage of COOGI and its products as outlined in paragraph 38 above and Exhibits F, H and O;

(c)     unsolicited references in songs by Biggie and other rap and music artists, as outlined in paragraphs 31, 33, 34 and 35 above;

(d)     sales success as outlined in paragraph 37 above;

(e)     unsolicited use of COOGI designs in artwork by at least two artists as outlined in paragraph 36 above and Exhibit G;

(f)     attempts to plagiarize the COOGI Trade Dress as set forth in paragraph 39 above and Exhibit I; and

(g)     substantially exclusive use of the COOGI Trade Dress by COOGI and its predecessors for over thirty (30) years.

78.     The "Brooklyn Camo" shown on the Offending Products is confusingly similar to portions of the COOGI Trade Dress, because it is identical or virtually identical to portions of the COOGI Trade Dress and the COOGI Copyrights or other COOGI designs.

79.     The COOGI Trade Dress is not functional because (a) as explained in THE COOGI TRADE DRESS – BACKGROUND section above, there have been and continue to be numerous other brands of sweaters and clothing that incorporate bright colors and ornamental designs, (b) the COOGI Trade Dress design does not provide a cost or quality advantage in the market for sweaters and, actually results in increased costs to COOGI to create the COOGI Trade Dress, and (c) competitors' ability to compete is not significantly undermined by protecting the COOGI Trade Dress because other colorful and ornamental designs, such as those attached to Defendant NBAP's response dated November 30, 2018 in Exhibit V attached hereto, exist and are still used throughout the clothing industry.

80.     The aforementioned acts of Defendants constitute trade dress

18

infringement in violation of 15 U.S.C. §1125(a), which covers infringement of trade dress which is not registered under the Lanham Act.

81.    Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court.  COOGI has no wholly adequate remedy at law but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful trade dress infringement.

### THIRD CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT)

82.    COOGI repeats and realleges paragraphs 1 through 81 above with the same force and effect as though fully set forth herein, and further alleges:

83.    The aforementioned acts of Defendants, including, but not limited to purchase and use of Adwords or key words which include the COOGI Trademark, constitute use of the COOGI Trademark in commerce and trademark infringement in violation of 15 U.S.C. §1114(1).

84.    Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, for which COOGI has no adequate remedy at law, unless enjoined by this Court.  COOGI has no wholly adequate remedy at law but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful trademark infringement..

### FOURTH CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN)

85.    COOGI repeats and realleges paragraphs 1 through 84 above with the same force and effect as though fully set forth herein, and further alleges:

86.     The aforementioned acts of Defendants constitute the use of a false designation of origin and/or making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

87.     In particular, the Defendant's acts in (i) connecting Biggie and their homage to him with a "Brooklyn Camo" design that is substantially similar to the COOGI Copyrights, the COOGI Trade Dress and/or other COOGI designs and (ii) purchasing and using Adwords or key words which include the COOGI Trademark, clearly constitutes the use of a word, name, symbol or device or a combination thereof which is likely to deceive as to the origin, sponsorship or approval of Defendant's goods and/or services.

88.     Defendants' acts of unfair competition are willful and deliberate and done with intent to reap the benefit of the goodwill and reputation associated with the COOGI Trade Dress and the COOGI designs.

89.     Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court.   COOGI has no adequate remedy at law, but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful violation of 15 U.S.C. § 1125(a).

FIFTH CLAIM FOR RELIEF
(TRADEMARK DILUTION)

90.     COOGI repeats and realleges paragraphs 1 through 89 above with the same force and effect as though fully set forth herein, and further alleges:

91.     The COOGI Trade Dress, taken as a whole, is not functional, and, for the reasons set forth above, including COOGI's extensive and exclusive use of the COOGI

Trade Dress for more than 25 years, has become famous.  Defendants are junior users of the Brooklyn Camo design which they are using in commerce.  Defendants' use of the Brooklyn Camo design began after the COOGI Trade Dress had already become famous.

92.     Because of the intentional and obvious similarities between the Defendants' Brooklyn Camo design and the COOGI Trade Dress, use of the Brooklyn Camo design by the Defendants will be associated with, and impair the distinctiveness of the COOGI Trade Dress.  Such use is diluting and/or likely to dilute the COOGI Trade Dress.  The aforementioned acts of Defendants constitute trademark dilution in violation of 15 U.S.C. §1125(c).

93.     Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, for which COOGI has no adequate remedy at law, but is entitled to its actual damages and costs and Defendants' profits in connection with Defendants' willful violation of 15 U.S.C. § 1125(c).  Unless Defendants are enjoined by this Court from continuing to dilute the COOGI Trade Dress COOGI will continue to suffer irreparable harm and impairment of the value of its trademark rights.

SIXTH CLAIM FOR RELIEF
(COMMON LAW TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION)

94.     COOGI repeats and realleges paragraphs 1 through 87 above with the same force and effect as though fully set forth herein, and further alleges:

95.     The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

96.     Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court.   COOGI has no wholly adequate remedy at law but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful trademark infringement and unfair competition.

SEVENTH CLAIM FOR RELIEF
<u>(N.Y. GENERAL BUSINESS LAW §360-l)</u>

97.     COOGI repeats and realleges paragraphs 1 through 96 above with the same force and effect as though fully set forth herein, and further alleges:

98.     The aforementioned acts of Defendants constitute injury to COOGI's business reputation, trade dress infringement and/or dilution of the distinctive quality of the COOGI Trade Dress in violation of New York General Business Law §360-l.

99.     Said acts of Defendants have caused and will continue to cause irreparable injury to COOGI, unless enjoined by this Court.   COOGI has no wholly adequate remedy at law but is entitled to its actual damages and Defendants' profits in connection with Defendants' willful violation injury to COOGI's business reputation, trade dress infringement and/or dilution of the distinctive quality of the COOGI Trade Dress.

WHEREFORE, COOGI demands judgment against Defendants as follows:

1.     Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

22

(a)     imitating, copying or making unauthorized use of the COOGI Copyrights, any other COOGI copyrighted designs and any of the COOGI Trade Dress or the COOGI Trademark;

(b)     manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the COOGI Copyrights, any other COOGI copyrighted designs or any of the COOGI Trade Dress or COOGI Trademark;

(c)     using any unauthorized reproduction, copy, counterfeit or colorable imitation of the COOGI Copyright, any other COOGI copyrighted designs or any of the COOGI Trade Dress or COOGI Trademark, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with COOGI or to any goods sold, sponsored, approved by, or connected with COOGI;

(d)     using any unauthorized reproduction, copy, counterfeit or colorable imitation of the COOGI Copyrights, any other COOGI copyrighted designs or any of the COOGI Trade Dress or COOGI Trademark, in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute the distinctive quality of the COOGI Trade Dress;

(e)     engaging in any other activity constituting unfair competition with COOGI,

23

or constituting an infringement of the COOGI Copyrights, any other COOGI copyrighted designs or any of the COOGI Trade Dress or COOGI Trademark, or of COOGI's rights in, or its right to use or exploit such copyright or trade dress, or constituting dilution of the COOGI Trade Dress, and the reputation and the goodwill associated with that trade dress;

(f)      making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of COOGI, or that is false or misleading with respect to COOGI; and

(g)      engaging in any other activity, including the effectuation of assignments or transfers of its interests in reproductions, copies, counterfeit or colorable imitations of the COOGI Copyrights, any other COOGI copyrighted designs or any of the COOGI Trade Dress or COOGI Trademark, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above.

2.      Directing that each of the Defendants deliver for destruction all products, artwork, prints and advertisements in its possession, custody or control bearing the "Brooklyn Camo" Pattern or the COOGI Copyrights, any other COOGI copyrighted designs or any other COOGI Trade Dress, and/or any reproductions, copies or colorable imitations thereof, including all plates and other means of making such imitations of the COOGI Copyrights, any other COOGI copyrighted designs or any of the COOGI Trade Dress.

24

3.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by COOGI or is related to or associated in any way with COOGI's products.

4.     Requiring each Defendant to account and pay over to COOGI all profits of such Defendant, plus any other monetary advantage of any nature gained by such Defendant through its infringement of COOGI's copyrights, the exact sum to be proven at the time of trial or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §101, et seq.

5.     Requiring each Defendant to account and pay over to COOGI all profits of such Defendant, plus any other monetary advantage of any nature gained through its infringement of the COOGI Trade Dress or COOGI Trademark.

6.     Awarding COOGI its costs and reasonable attorneys' and investigatory fees and expenses, together with prejudgment interest.

7.     Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

8.     Awarding COOGI such other and further relief as the Court deems just and proper.

Dated:    New York, New York
           February 25, 2019

**COX LAW FIRM LLC**

By: _____
William H. Cox (WC 3295)
Peter J. Vranum (PV 8947)
Attorneys for Plaintiff
43 West 43rd Street, Suite 137
New York, NY 10036-7424
(212) 804-5756
wcox@lawcox.com
pvranum@lawcox.com

**LAW OFFICES OF H.W. BURNS**

By: _____
Howard W. Burns, Jr. (HWB 6529)
The Woolworth Building
233 Broadway, Suite 2065
New York, New York 10279
Tel. No.: (212) 227-4450
Howard@HWBurnsLaw.com

**Attorneys for Plaintiff COOGI Partners, LLC**

26

## **VERIFICATION**

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF NEW YORK       )

Norman Weisfeld, being duly sworn, deposes and says:

He is a Manager of COOGI Partners, LLC, the plaintiff in the above entitled

action which is a limited liability company created under and by virtue of the laws of the

State of New York; that he has read the foregoing verified complaint and knows the

contents thereof; that the same is true to his knowledge, except as to the matters

therein stated to be alleged upon information and belief, and that as to those matters he

believes them to be true.

Norman Weisfeld

Sworn to before me this
2s⁺ day of February, 2019.

Notary Public

REUBEN MARC WEISFELD
NOTARY PUBLIC-STATE OF NEW YORK
No. 02WE6322823
Qualified in Nassau County
My Commission Expires April 13, 2019

27